This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41372**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**ALVARO PEDREGON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jennifer E. Delaney, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant appeals the district court's order revoking Defendant's probation. We issued a notice proposing to affirm the district court's judgment. Defendant has responded to our notice with a memorandum in opposition. After due consideration, we remain unpersuaded and affirm.

**{2}** In response to our notice, Defendant continues to assert that his counsel was ineffective. [MIO 1] In support of his assertion, Defendant points to the almost two-year

lapse between the revocation and the filing of the notice of appeal, as well as the presumption that counsel has been ineffective where a notice of appeal is not timely filed. *See State v. Leon*, 2013-NMCA-011, ¶ 9, 292 P.3d 493 (applying a "conclusive presumption of ineffective assistance of counsel where the notice of appeal is untimely filed" following probation revocation proceedings). Defendant argues that because defense counsel was ineffective in perfecting the appeal in this case, counsel "may well have been ineffective during the revocation hearing" as well. [MIO 2] This argument is little more than speculation, however, as Defendant has not identified any facts to suggest counsel was ineffective during the hearing. *See State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M. 719, 204 P.3d 44 (explaining "the burden [is] on the defendant to show that [their] counsel's performance was deficient" and that those deficiencies prejudiced the defendant in order to establish that defense counsel was constitutionally ineffective). Defendant is therefore not entitled to relief. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement"). Regarding counsel's ineffectiveness in perfecting the appeal, Defendant has already received the relief to which he is entitled. *See State v. Garcia*, 2019-NMCA-056, ¶ 48 n.7, 450 P.3d 418 (acknowledging that the remedy for counsel's failure to perfect an appeal is not reversal of the conviction, but allowing the appeal to go forward on the merits).

**{3}** Defendant also argues that he did not receive the correct amount of presentence confinement credit. [MIO 2] We construe Defendant's argument as a motion to amend the docketing statement. *See* Rule 12-210(D)(2) NMRA (stating that "[t]he parties shall not argue issues that are not contained in . . . the docketing statement[, but that t]he Court may, for good cause shown, permit the appellant to amend the docketing statement" and that "[t]he appellant may combine a motion to amend the docketing statement . . . with a memorandum in opposition"). In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establish good cause for our allowance of such amendment. *State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See Moore*, 1989-NMCA-073, ¶ 42. Defendant concedes that the details necessary to decide this issue are not found in the current record. [MIO 2] We therefore deny Defendant's motion to amend as nonviable. *See State v. Harrison*, 2010-NMSC-038, ¶ 10, 148 N.M. 500, 238 P.3d 869 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)); *Mondragon*, 1988-NMCA-027, ¶ 10; *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's

rulings, and the burden is on the appellant to clearly demonstrate the claimed error on appeal).

**{4}** Additionally, in the notice of proposed disposition, we proposed to conclude there was sufficient evidence to support the district court's decision. [CN 3] Defendant's memorandum in opposition concedes that the evidence presented was legally sufficient to support the revocation of his probation. [MIO 2]

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm the revocation of Defendant's probation.

**{6}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**